# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES EDWARD BRITT II,
        Appellant,

      v.

FEDERAL DEPOSIT INSURANCE
    CORPORATION,
        Agency.

DOCKET NUMBER
AT-0752-23-0148-I-1

DATE:  February 21, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James Edward Britt II</u>, Knoxville, Tennessee, pro se.

<u>Jill A. Weissman</u>, Esquire, New York, New York, for the agency.

<u>Johnathan P. Lloyd</u>, Esquire, Dallas, Texas, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal from his position as a CG-12 Risk Examiner. On petition for review, the appellant argues that the agency's removal action based on

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

charges of absence without leave (AWOL) and failure to follow instructions was unjust because his return to work was conditional upon a medical clearance. He argues that the appropriate penalty was an indefinite suspension based on the agency's table of penalties. He also argues that he proved his affirmative defenses of due process violations or harmful procedural error, disability discrimination, and retaliation for filing various claims and disclosing prohibited personnel practices. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to separately sustain the AWOL and failure to follow instructions charges, clarify the analysis of the appellant's retaliation claims, and address the appellant's disability discrimination claim, we AFFIRM the initial decision.

We separately sustain the AWOL and failure to follow instructions charges.

The Board will "merge" charges if they are based on the same conduct and proof of one charge automatically constitutes proof of the other charge. *Powell v. U.S. Postal Service*, 122 M.S.P.R. 60, ¶ 10 (2014). The agency charged the appellant with AWOL and failure to follow instructions. Initial Appeal File (IAF), Tab 4 at 4-9. To prove an AWOL charge, an agency must demonstrate that the employee was absent without authorization and, if the employee requested

leave, that the request was properly denied. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 28 n.5 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25; *see also Wilson v. Small Business Administration*, 2024 MSPB 3, ¶ 7. Here, because the appellant requested leave without pay (LWOP), the agency was required to prove that its denial of that request was proper. IAF, Tab 11 at 278. Generally, in cases where an employee is incapacitated for duty and has exhausted all his leave,[2] an agency can do so by showing that there was no foreseeable end to the employee's absences and the employee's absence was a burden to the agency. *See Sambrano v. Department of Defense*, 116 M.S.P.R. 449, ¶¶ 4-5 (2011); *Bologna v. Department of Defense*, 73 M.S.P.R. 110, 114-16, *aff'd*, 135 F.3d 774 (Fed. Cir. 1997) (Table). By contrast, to prove failure to follow instructions, an agency is required only to prove that: (1) proper instructions were given to an employee; and (2) the employee failed to follow them, without regard to whether the failure was intentional or unintentional. *Hamilton v. U.S. Postal Service*, 71 M.S.P.R. 547, 556 (1996). Here, we find that the agency's failure to follow instructions charge was based on the appellant's failure to provide medical documentation requested by the agency. IAF, Tab 4 at 9, Tab 11 at 269. Although the appellant's failure to provide the requested documentation, which included an expected return-to-work date, supports the agency's denial of LWOP, proof of the failure to follow instructions charge does not automatically constitute proof of the AWOL charge under the circumstances of this case. Thus, merger of the AWOL and failure to follow instructions charges was not appropriate.

Nevertheless, because the agency proved both charges, any error by the administrative judge in merging these charges provides no basis for reversal of the initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's

---

[2] This includes unpaid leave to which an employee is entitled under the Family and Medical Leave Act.

substantive rights provides no basis for reversal of an initial decision). We affirm the administrative judge's findings sustaining the AWOL charge, and we modify the initial decision to separately sustain the failure to follow instructions charge. IAF, Tab 46, Initial Decision (ID) at 4-7. The agency's failure to follow instructions charge, which included four specifications, was based on the appellant's failure to follow its April 27, 2022 memorandum. IAF, Tab 4 at 9. That memorandum instructed the appellant to provide monthly medical documentation that included the following: (1) an updated prognosis; (2) an estimate of the expected date of full or partial recovery and the date he could be expected to return to work on a regular basis; and (3) if he was able to return to work, the expectation for his anticipated work schedule upon his return to work. IAF, Tab 11 at 269. It is undisputed that the appellant failed to provide this monthly documentation as set forth in all four specifications. However, the appellant appears to challenge the propriety of the agency's instructions by arguing that they were overly burdensome, and he suggests that the agency rescinded its instructions in subsequent communications. IAF, Tab 1 at 11, Tab 11 at 279, Tab 28 at 18-19.

First, we find that the agency's instructions were proper because the medical documentation requested was reasonably necessary to make an informed management decision about whether to grant LWOP. *See generally* 5 C.F.R. § 1630.14(c) (generally, a disability-related inquiry or medical examination must be "job-related and consistent with business necessity," and an employer "may make inquiries into the ability of an employee to perform job-related functions"); *cf. Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 21 (2014) (examining whether the agency's requests for medical documentation were proper under the circumstances of the case). Therefore, we find that the appellant was required to comply with these instructions by ensuring that his medical provider supplied the requested information. *See Jones v. Department of Justice*, 98 M.S.P.R. 86, ¶¶ 13-15 (2004). We are also unpersuaded that the agency

rescinded its instructions—either expressly or implicitly—in subsequent communications. Rather, we find that the agency communicated to the appellant that the medical information would influence its decision about whether to grant LWOP or, alternatively, to pursue disciplinary action, and that he should provide the requested information. *See* IAF, Tab 11 at 119-20, 278. Accordingly, we find that the agency proved its charge of failure to follow instructions.

## We modify the administrative judge's analysis of the appellant's retaliation claims.

Below and on review, the appellant alleged that the agency removed him in retaliation for filing an Office of Workers' Compensation Programs (OWCP)/Federal Employees' Compensation Act (FECA) claim, Federal Tort Claims Act (FTCA) claim, and agency grievance, and for his disclosures of prohibited personnel practices therein. IAF, Tab 42; Petition for Review (PFR) File, Tab 1 at 12-15. Concerning his alleged disclosures of prohibited personnel practices, the administrative judge found that the appellant failed to specify what his disclosures of prohibited personnel practices were and, thus, did not establish that he made protected whistleblowing disclosures. ID at 18-19. However, the record contains documentary evidence of the appellant's disclosures, which contain specific allegations that the agency engaged in a prohibited personnel practice under 5 U.S.C. § 2302(b)(10). *See, e.g.*, IAF, Tab 11 at 238-44, Tab 28 at 33-43, Tab 42 at 11-27.

Nevertheless, we find that the appellant has not met his burden to show that he disclosed information that he reasonably believed evidenced a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *See* 5 U.S.C. § 2302(b)(8)(A); *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶¶ 21-22 (2014). The proper test for assessing whether a protected disclosure occurred is an objective one: could a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the

employee reasonably conclude that the actions of the government evidenced one of the categories of wrongdoing identified in 5 U.S.C. § 2302(b)(8)(A). *See Shannon*, 121 M.S.P.R. 221, ¶ 22. Here, the appellant disclosed an alleged violation of 5 U.S.C. § 2302(b)(10), which prohibits discrimination on the basis of conduct unrelated to job performance. IAF, Tab 11 at 240-41, Tab 42 at 13-15. Specifically, the appellant disclosed that an agency policy unfairly discriminated against employees based on their prior employment with the agency at a given grade by considering it in determining how to adjust their pay following a re-promotion, and that the agency applied this unlawful policy in determining his pay following a promotion that he received in 2021. IAF, Tab 11 at 238-41, Tab 42 at 13-15. Assuming arguendo that the appellant held a reasonable belief that an individual's prior employment at a given grade is "conduct" within the meaning of section 2302(b)(10), we note that agencies routinely consider such factors in their decisions concerning hiring and pay for legitimate reasons. Furthermore, in this case, the re-promotion policy applied by the agency was agreed upon by the agency and the appellant's union, which further discounts the reasonableness of his position. IAF, Tab 11 at 20, 141-43. Considering all the appellant's arguments, we find that he did not hold a reasonable belief that the agency's application of its policy violated section 2302(b)(10). Therefore, he did not prove that he made a protected whistleblower disclosure.

However, the administrative judge found that the appellant engaged in activity protected under 5 U.S.C. § 2302(b)(9)(A)(ii) by filing OWCP/FECA and FTCA claims. ID at 18-19. The administrative judge analyzed the appellant's claims of retaliation pursuant to *Warren v. Department of the Army*, 804 F.2d 654, 656 (Fed. Cir. 1986), and concluded that the appellant did not prove a genuine nexus between either his FECA or his FTCA claims and his removal. ID at 18-19. We affirm these findings except as modified to find that the appellant's OWCP/FECA claim does not constitute activity falling within the protection of section 2302(b)(9). *See Marcell v. Department of Veterans Affairs*, 2022 MSPB

33, ¶¶ 7-8. Nevertheless, to the extent that the appellant's arguments concerning his OWCP/FECA claim could form the basis of another affirmative defense, such as a violation of 5 U.S.C. § 2302(b)(10), we agree with the administrative judge that the agency did not remove the appellant because he filed an OWCP/FECA claim. ID at 18-19. Furthermore, to the extent that the administrative judge did not expressly address the appellant's claim of retaliation for filing an agency grievance, we note that grievance activity is protected under section 2302(b)(9)(A)(ii), adopt the administrative judge's reasoning concerning the agency's legitimate motives for its removal action, and conclude that the appellant did not prove a genuine nexus between his grievance activity and his removal.[3] ID at 19; *see Warren*, 804 F.2d at 656.

<u>We find that the appellant did not prove disability discrimination.</u>

The appellant argues that the administrative judge erred in excluding an affirmative defense of disability discrimination and declining to address it in the initial decision. PFR File, Tab 1 at 12; *see* IAF, Tabs 31, 33-37; ID at 12-13. We find that any error did not prejudice the appellant's substantive rights and thus is not a basis for reversal of the initial decision. *Panter*, 22 M.S.P.R. at 282. The appellant has argued disability discrimination under three theories: failure to accommodate, based on the agency's decision to deny his LWOP request; disparate treatment; and disparate impact. IAF, Tab 35 at 5-7, Tab 38 at 6-8. However, to prevail on a claim of disability discrimination, an appellant must prove that he was a "qualified individual" with a disability. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28. A qualified individual with a disability is one who can "perform the essential functions of the . . . position that such individual holds or desires" with or without reasonable accommodation. *Id.*;

---

[3] We need not address the agency's argument that the prohibited personnel practice at section 2302(b)(9)(A)(ii) does not apply to the Federal Deposit Insurance Corporation (FDIC), which is not an "agency" as defined under section 2302(a)(2)(C)(i). IAF, Tab 41.

42 U.S.C. § 12111(8). Leave may be a form of reasonable accommodation in appropriate circumstances. Equal Employment Opportunity Commission (EEOC) Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the Americans with Disabilities Act, *Types of Reasonable Accommodations Related to Job Performance*, Notice No. 915.002, 2002 WL 31994335 at *13 (Oct. 17, 2002). Here, it is undisputed that the appellant did not have an expected return to work date due to his medical condition at the time of the removal decision. IAF, Tab 11 at 70, Tab 28 at 15-16; *see Bologna*, 73 M.S.P.R. at 114 (explaining that an agency may properly deny an employee's LWOP request when there is no foreseeable end in sight to his absences and those absences are a burden on the agency). Thus, he has not shown that he was a "qualified individual" with a disability, and he has not proven his claim of disability discrimination under any theory.[4] *See Haas*, 2022 MSPB 36, ¶ 28.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[4] There is no indication that any error by the administrative judge harmed the appellant's presentation of this dispositive issue. The appellant received notice that he was required to prove that he was a "qualified individual" for purposes of a failure to accommodate claim, IAF, Tab 31 at 6, and he fully argued this claim in his brief, IAF, Tab 38 at 5-7. As he withdrew his request for hearing, IAF, Tab 31 at 1, the record is fully developed on this issue.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.